IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00296-GPG

SARAH M. SOLOMON,

    Plaintiff,

v.

REALOGY HOLDINGS CORP.,
NRT, LLC & NRT, REO EXPERTS,
COLDWELL BANKER RESIDENTIAL BROKERAGE,
CARTUS, and
COLDWELL BANKER CASTLE PINES,

    Defendants.

## ORDER TO SHOW CAUSE

    Plaintiff, Sarah M. Solomon, resides in Federal Heights, Colorado.  Ms. Solomon initiated this action on February 1, 2019 by filing *pro se* a "Complaint for Employment Discrimination" (ECF No. 1) and an Application to Proceed in District Court Without Prepayment of Fees or Costs (Long Form) ("IFP Application") (ECF No. 3).  On February 4, 2019, the Court issued an Order directing Plaintiff to resubmit her pleading on the court-approved form within 30 days.  (ECF No. 4). Ms. Solomon filed an Employment Discrimination Complaint on February 12, 2019.  (ECF No. 5). She asserts claims of sexually hostile work environment/harassment, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.*, unlawful retaliation based on her complaints about sexual harassment, and

discrimination in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. §§12101, *et seq.*

The Court has construe the Employment Discrimination Complaint liberally because Ms. Solomon is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

On February 14, 2019, the Court reviewed the Employment Discrimination Complaint pursuant to D.C.COLOLCivR 8.1(a) and determined that it was deficient because the administrative charge of employment discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) was not attached, as required by the pleading form, and the Complaint failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.   (*See* ECF No. 6).   Ms. Solomon was directed to file an Amended Employment Discrimination Complaint within 30 days from the February 14 Order.   (*Id.*).   The Court warned Plaintiff that failure to comply would result in dismissal of the action without further notice.   (*Id.*).   Ms. Solomon did not file an amended pleading by the deadline and has not communicated with the Court since the February 14 Order issued.

**Plaintiff is again reminded that to pursue relief under Title VII or the ADA, a judicial action must be commenced within 90 days of the claimant's receipt of a notice-of-right-to-sue letter from the EEOC.  *See* 42 U.S.C.§ 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (providing that procedures in § 2000e-5 apply to employment discrimination claims under the ADA).   The EEOC issued Ms. Solomon a notice-**

**of-right-to-sue letter on November 7, 2018. (ECF No. 1 at 7). Therefore, the 90-day limitation period has now expired. If the Court dismisses this action without prejudice pursuant to Fed. R. Civ. P. 41(a) for Plaintiff's failure to comply with a court order, the dismissal may operate as a dismissal with prejudice.** *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).

The Court will afford Ms. Solomon an opportunity to show cause why this action should not be dismissed for her failure to comply with the February 14 Order. To show cause, Plaintiff must file an amended pleading that complies with Rule 8 of the Federal Rules of Civil Procedure, as outlined in the February 14 Order. Ms. Solomon must include specific facts to support her claims of disability discrimination under the ADA, as well as specific facts to show that she was subjected to a sexually hostile work environment and retaliation, in violation of Title VII. <u>All claims and supporting factual allegations must be included in the amended Employment Discrimination Complaint.</u> The Court will not consider pleadings on a piecemeal basis, or construe them together. *See Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 668 (10th Cir. 2013) ("An amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.'") (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).

In addition, Ms. Solomon must also comply with the requirement of Section E. of the Employment Discrimination Complaint form, "Administrative Procedures," which states: "You must attach a copy of the administrative charge to this complaint." Although Plaintiff attached the Equal Opportunity Commission's notice-of-right-to-sue

letter to her original pleading (ECF No. 1 at 7), she has not submitted a copy of the charge of discrimination.  **As discussed in the February 14 Order, Plaintiff must submit a copy of the administrative charge as an attachment to her amended Employment Discrimination Complaint or explain in sufficient detail why she is unable to do so.**  *Pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).  Accordingly, it is

ORDERED that Plaintiff shall show cause, in writing, **within 21 days of this Order**, why this action should not be dismissed.  To show cause, Plaintiff must file an amended pleading on the court-approved Employment Discrimination Complaint form that addresses the pleading deficiencies outlined in the February 14 Order and attach a copy of the administrative charge filed with the EEOC, or explain why she is unable to submit the attachment.  It is

FURTHER ORDERED that Plaintiff may obtain a copy of the court-approved Employment Discrimination Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  Alternatively, Plaintiff may obtain a copy of the form in person at the clerk's office, located at 901 19th Street, Denver, Colorado. It is

FURTHER ORDERED that if Plaintiff fails to show cause by filing an amended pleading on the court-approved Employment Discrimination Complaint within the time allowed, in compliance with this Order and the February 14 Order, this action will be dismissed without further notice.

DATED March 20, 2019, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge