IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00296-GPG

SARAH M. SOLOMON,

    Plaintiff,

v.

REALOGY HOLDINGS CORP.,
NRT, LLC & NRT, REO EXPERTS,
COLDWELL BANKER RESIDENTIAL BROKERAGE,
CARTUS, and
COLDWELL BANKER CASTLE PINES,

    Defendants.

---

ORDER

---

    Plaintiff, Sarah M. Solomon, resides in Federal Heights, Colorado. Ms. Solomon initiated this action on February 1, 2019 by filing *pro se* a "Complaint for Employment Discrimination" (ECF No. 1) and an Application to Proceed in District Court Without Prepayment of Fees or Costs (Long Form) ("IFP Application") (ECF No. 3). On February 4, 2019, the Court issued an Order directing Plaintiff to resubmit her pleading on the court-approved form within 30 days. (ECF No. 4). Ms. Solomon filed an Employment Discrimination Complaint on February 12, 2019. (ECF No. 5). She asserts claims of sexually hostile work environment/harassment, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.*, unlawful retaliation based on her complaints about sexual harassment, and

discrimination in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. §§12101, *et seq.*

The Court has construed Ms. Solomon's pleadings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

On February 14, 2019, the Court reviewed the Employment Discrimination Complaint pursuant to D.C.COLOLCivR 8.1(a) and determined that it was deficient because the administrative charge of employment discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) was not attached, as required by the pleading form, and the Complaint failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. (*See* ECF No. 6). Ms. Solomon was directed to file an Amended Employment Discrimination Complaint within 30 days from the February 14 Order. (*Id.*). The Court warned Plaintiff that failure to comply would result in dismissal of the action without further notice. (*Id.*). Ms. Solomon did not file an amended pleading by the deadline. On March 20, 2019, the Court issued an order directing Plaintiff to show cause, in writing, within 21 days, why this action should not be dismissed. (ECF No. 9). The order to show cause was docketed the same day as an (Amended) Employment Discrimination Complaint (ECF No. 7), dated and file-stamped March 18, 2019, and a separate (Amended) Employment Discrimination Complaint (ECF No. 8), dated and file-stamped March 19, 2019.

The amended pleadings filed on March 18 and 19 are not identical, but contain

the same "Factual Allegations."   ECF No. 7 sets forth specific claims for relief after recitation of the Factual Allegations, *see* ECF No. 7 at 42-50, but does not include an ADA claim in the "Claims for Relief," while ECF No. 8 asserts claims for relief under Title VII and the ADA, but does not include the Colorado Equal Pay Act and Anti-Discrimination Act claims asserted in ECF No. 7.   *See* ECF No. 8, at 3-4, 11.   Ms. Solomon has attached a copy of her administrative charge of discrimination to one of the pleadings. (ECF No. 7 at 6).   ECF No. 8 also includes much extraneous information about Plaintiff's efforts to identify the proper Defendants and to file an amended pleading in this, which need not be set forth in a pleading. (*See id.* at 13-21).

Ms. Solomon has endeavored to comply with the February 14 Order directing her to file an amended pleading.   However, as discussed in the March 20 Order to Show Cause, all of the claims she intends to assert in this action, and the specific supporting factual allegations, must be included in a single amended Employment Discrimination Complaint.   The Court will not consider pleadings on a piecemeal basis, or construe them together.   *See Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 668 (10th Cir. 2013) ("An amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.'") (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).   Further, "[a]n amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.'" *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 668 (10th Cir. 2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).   The amended pleading filed on March 19, 2019 (ECF No. 8) will supersede the amended

pleading filed on March 18, 2019 (ECF No. 7), rendering it of no force and effect, unless Plaintiff files a second amended Employment Discrimination Complaint to include all of her claims for relief, or informs the Court that she wished to proceed on ECF No. 7. <u>Plaintiff may not proceed in this action with two separate pleadings</u>.   Accordingly, it is

ORDERED that the March 20, 2019 Order to Show Cause (ECF No. 9) is DISCHARGED.   It is

FURTHER ORDERED that, **within 30 days from the date of this Order**, Plaintiff shall either file a second amended Employment Discrimination Complaint that includes all of her claims for relief and supporting factual allegations, or notify the Court that she intends for ECF No. 7 to be the operative pleading in this case.   It is

FURTHER ORDERED that Plaintiff may obtain a copy of the court-approved Employment Discrimination Complaint form, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).   Alternatively, Plaintiff may obtain a copy of the form in person at the clerk's office, located at 901 19th Street, Denver, Colorado. It is

FURTHER ORDERED that if Plaintiff fails to file a second amended pleading on the court-approved Employment Discrimination Complaint within the time allowed, the Court will deem the amended Employment Discrimination Complaint filed as ECF No. 8 to be the operative pleading in this matter and proceed accordingly.

DATED March 21, 2019, at Denver, Colorado.

BY THE COURT:

s/ Gordon P Gallagher
United States Magistrate Judge